Law Offices of Steven F. Bus, Ltd.
Quail Corners South
611 Sierra Rose Drive
Reno, Nevada 89511
Tel: 775-825-2700
Fax: 775-825-2755

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

EDWARD E. MARTINEZ, an individual,

Plaintiff,

vs.

CNH GLOBAL N.V., a Netherlands Corporation, CNH AMERICA, LLC, a Delaware Limited Liability Company, CASE CONSTRUCTION EQUIPMENT, INC., a Delaware Corporation, CASE CONSTRUCTION, INC., a Wisconsin Corporation, CASE NEW HOLLAND, INC., a Delaware Corporation, and DOES 1-X inclusive,

Defendants.

Case No. 3:08-cv-00477

**STIPULATION TO AMEND COMPLAINT AND ORDER**

**STIPULATION TO AMEND COMPLAINT AND ORDER**

Plaintiff, EDWARD E. MARTINEZ, by and through his undersigned Counsel, STEVEN F. BUS, ESQ. of the Law Offices of Steven F. Bus, Ltd., and Defendant CNH AMERICA, LLC, the only Defendant who has answered and appeared in this action, by and through its undersigned Counsel, DAVID R. GRUNDY of Lemons, Grundy & Eisenberg, pursuant to FRCP 15(a)(2), hereby stipulate to allow Plaintiff to file and serve the First Amended Complaint, a copy of which is attached. The purpose of the First Amended Complaint is to modify the claims based on information recently obtained by the Plaintiff and to remove Defendants CNH GLOBAL, N.V., CASE CONSTRUCTION EQUIPMENT, INC., CASE CONSTRUCTION, INC., and CASE NEW HOLLAND, INC. from the caption as a result

of their dismissal. The parties further stipulate and agree that the First Amended Complaint relates back to the date of the original Complaint as provided by FRCP 15(c)(1)(B).

DATED this 14th day of January, 2009.

STEVEN F. BUS, ESQ.
Law Offices of Steven F. Bus, Ltd.
611 Sierra Rose Drive
Reno, NV 89511
Attorney for Plaintiff

DAVID R. GRUNDY, ESQ.
Lemons, Grundy & Eisenberg
6005 Plumas Street, Ste 300
Reno, NV 89509

Mark Oium, Esq.
Bret R. Landess, Esq.
Oium Reyen & Prior
220 Montgomery St., Ste. 910
San Francisco, CA 94104

Attorneys for Defendant
CNH AMERICA, LLC

IT IS SO ORDERED.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

Law Offices of Steven F. Bus, Ltd.
Quail Corners South
611 Sierra Rose Drive
Reno, Nevada 89511
Tel: 775-825-2700
Fax: 775-825-2755

STEVEN F. BUS, ESQ.
Law Offices of Steven F. bus, Ltd.
Nevada Bar #3041
Quail Corners South
611 Sierra Rose Drive
Reno, Nevada 89511
(775) 825-2700
Attorney for Plaintiff

Law Offices of Steven F. Bus, Ltd.
Quail Corners South
611 Sierra Rose Drive
Reno, Nevada 89511
Tel: 775-825-2700
Fax: 775-825-2755

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

| | |
|---|---|
| EDWARD E. MARTINEZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CNH AMERICA, LLC, a Delaware Limited Liability Company, and DOES I-X inclusive,<br><br>Defendants. | Case No. 3:08-cv-00477<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff, EDWARD E. MARTINEZ, by and through his undersigned Counsel, STEVEN F. BUS, ESQ., of the Law Offices of Steven F. Bus, Ltd., hereby complains against CNH AMERICA, LLC and for claims for relief, alleges as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff is, and at all times mentioned herein was, an individual and a resident of the County of Washoe, State of Nevada.

2. Plaintiff is informed and believes and therefore alleges that Defendant, CNH AMERICA, LLC, is a Limited Liability Company formed in the State of Delaware and designed and/or manufactured the Case 1102D roller which is identified in Paragraph 6.

3. The true names or capacities, whether individual, corporate, association, or otherwise, of Defendants Does I-X are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the Defendants designated

herein as Does I-X either sold, maintained and/or repaired the Case 1102D roller, or otherwise are responsible in some manner, and caused damages to the Plaintiff as herein alleged, that Plaintiff will ask the Court to amend this Complaint to insert the true names and capacities of Does I-X when the same has been ascertained and to join such Defendants in this action.

4. EDWARD MARTINEZ is an equipment operator employed by Highfield Construction which is now Cutting Edge Construction.

5. On August 1, 2006, while employed by Highfield Construction, now known as Cutting Edge Construction, EDWARD MARTINEZ was operating a Case 1102D roller on a sloped road.

6. The specific identifying markings on the Case 1102D roller reflect the number 603, the number 2679 and 840218201handwritten on the roller, F6L912 and 6270 appear on a metal plate under the name of DEUTZ, Klöckner-Humboldt - Deutz AG KHD, and 4A250V and M2R660 appear at or on the steering wheel.

7. While operating the roller, a malfunction occurred causing the hydrostatic drive system to fail and the roller began to accelerate down the sloped road.

8. While the roller began accelerating, Plaintiff attempted to stop the roller but discovered the hydrostatic drive system was not working and that there was no service or emergency braking system.

9. The roller quickly gained speed, veering off the road and ejecting Mr. MARTINEZ from the operator's seat.

10. As a result of his ejection, Mr. MARTINEZ sustained extensive, serious and painful injuries requiring surgical intervention.

11. As a result of his injuries, Plaintiff has continued to have pain and suffering prohibiting and/or limiting various physical activities, including employment activities, and has permanent and disabling effects from his injuries.

12. Plaintiff is informed and believes and therefore alleges that Defendant CNH AMERICA, LLC, designed and/or manufactured the Case 1102D roller with seat belts that were designed in such

Law Offices of Steven F. Bus, Ltd.
Quail Corners South
611 Sierra Rose Drive
Reno, Nevada 89511
Tel: 775-825-2700
Fax: 775-825-2755

Law Offices of Steven F. Bus, Ltd.
Quail Corners South
611 Sierra Rose Drive
Reno, Nevada 89511
Tel: 775-825-2700
Fax: 775-825-2755

a way that they could be hidden under the seat and not be seen, or not visible for other reasons, or otherwise not in compliance with applicable legal requirements or guidelines, and the absence of a failure to warn alerting the operator of the dangers of not using the seat belt which would have also alerted the operator of the existence of seat belts, and without a service or emergency braking system and placed the Case 1102D into the stream of commerce in that condition.

13. As a result of the necessitating and prosecuting this action, Plaintiff has incurred and will continue to incur, attorney fees and costs and is entitled to recovery of the same.

**FIRST CLAIM FOR RELIEF**
**(Strict Products Liability - Design Defect)**

14. Plaintiff repleads and realleges each and every allegation set forth in Paragraph 1 through 13, inclusive, of his Complaint and incorporates the same by reference as if fully set forth herein.

15. Defendant CNH AMERICA, LLC, designed and/or manufactured the Case 1102D roller as described in Paragraph 6.

16. The Case 1102D roller had a rollover protective structure (ROPS) but the seat belts were designed in such a way that they could be hidden under the seat and not be seen, or not visible for other reasons, or otherwise not in compliance with applicable legal requirements or guidelines, failed to have a warning alerting the operator of the dangers of not using the seat belt which would have also alerted the operator of the existence of a seat belt, nor did it have a service or emergency braking system in the event the hydrostatic drive system failed.

17. Applicable law, including 29 C.F.R. 1926.601 and 1926.602, sets forth safety requirements which required that the Case 1102D roller when designed and manufactured to have seat belts be designed in such a way that they could not be hidden under the seat and not be seen, or not visible for other reasons, in compliance with applicable legal requirements or guidelines or have a warning alerting the operator of the dangers of not using the seat belt which would have also alerted the operator of the existence of a seat belt, and a service and an emergency braking system.

18. Designing the seat belts in such a way that they could be hidden under the seat and not be seen, or not visible for other reasons, or otherwise in compliance with applicable legal requirements

or guidelines, and the inclusion of a warning alerting the operator of the dangers of not using the seat belt which would have also alerted the operator of the existence of a seat belt, and the addition of a service and an emergency braking system were commercially feasible, would not have affected product efficiency, and was within the state of the art at the time the Case 1102D roller was placed into the stream of commerce and would have prevented the damages sustained by the Plaintiff.

19. The failure to design seat belts in such a way that they could be hidden under the seat and not be seen, or not visible for other reasons, or otherwise in compliance with applicable legal requirements or guidelines, to provide a warning alerting the operator of the dangers of not using the seat belt which would have also alerted the operator of the existence of a seat belt, and the absence of a service and an emergency braking system constituted design defects making the Case 1102D roller unsafe and unreasonably dangerous in that the Case 1102D roller failed to perform in the manner reasonably to be expected in light of its nature and intended function causing injuries and damages to the Plaintiff.

20. As a direct and proximate cause of the design defects, Defendant CNH AMERICA, LLC is strictly liable for any injuries and damages caused to Plaintiff.

21. As a further direct and proximate cause of the design defects, Plaintiff has sustained extensive, serious and painful injuries requiring surgical intervention.

22. As a further direct and proximate cause of the design defects, Plaintiff has sustained general damages in the form of current and future pain and suffering from his injuries in a sum in excess of TEN THOUSAND DOLLARS ($10,000.00), plus interest.

23. As a further direct and proximate cause of the design defects, Plaintiff has sustained special damages in the form of medical costs and future medical costs, all in excess of TEN THOUSAND DOLLARS ($10,000.00), and lost wages and earning capacity according to proof, all with interest.

**SECOND CLAIM FOR RELIEF**
**(Negligence per se/negligence/Design Defect)**

24. Plaintiff repleads and realleges each and every allegation set forth in Paragraph 1 through



Law Offices of Steven F. Bus, Ltd.
Quail Corners South
611 Sierra Rose Drive
Reno, Nevada 89511
Tel: 775-825-2700
Fax: 775-825-2755

23, inclusive, of his Complaint and incorporates the same by reference as if fully set forth herein.

25. Applicable law, including 29 C.F.R. 1926.601 and 1926.602, sets forth safety requirements which required that the Case 1102D roller when designed and manufactured to have seat belts designed in such a way that they could be hidden under the seat and not be seen, or not visible for other reasons, or otherwise in compliance with applicable requirements or guidelines, reflect a warning alerting the operator of the dangers of not using the seat belt which would have also alerted the operator of the existence of a seat belt, and also have a service and an emergency braking system.

26. Defendant CNH AMERICA, LLC violated applicable law, including 29 C.F.R. 1926.601 and 1926.602, by failing to design seat belts in such a way that they could not be hidden under the seat and not be seen, or not visible for other reasons, or otherwise in compliance with applicable legal requirements or guidelines, failing to provide warning alerting the operator of the dangers of not using the seat belt which would have also alerted the operator of the existence of a seat belt, and a service and an emergency braking device.

27. The conduct of Defendant CNH AMERICA, LLC constitutes negligence per se in that the injuries suffered by Plaintiff were caused by the violation of applicable law, including 29 C.F.R. 1926.601 and 1926.602, the injuries were the type intended to be prevented by applicable law, including 29 C.F.R. 1926.601 and 1926.602, and the Plaintiff is in the class intended to be protected by applicable law, including 29 C.F.R. 1926.601 and 1926.602.

28. Alternatively, the conduct of Defendant CNH AMERICA, LLC was negligent in that it failed to use reasonable care in the manufacturing and design of the Case 1102D roller by failing to design seat belts in such a way that they could not be hidden under the seat and not be seen, or not visible for other reasons, or otherwise not in compliance with applicable legal requirements or guidelines, and the absence of a failure to warn alerting the operator of the dangers of not using the seat belt which would have also alerted the operator of the existence of a seat belt, and a service and an emergency braking device.

29. As a direct and proximate cause of the negligence per se or negligence of Defendant

Law Offices of Steven F. Bus, Ltd.
Quail Corners South
611 Sierra Rose Drive
Reno, Nevada 89511
Tel: 775-825-2700
Fax: 775-825-2755

CNH AMERICA, LLC, Plaintiff has sustained extensive, serious and painful injuries requiring surgical intervention.

30. As a direct and proximate cause of the negligence per se or negligence of Defendant CNH AMERICA, LLC, Plaintiff has sustained general damages in the form of current and future pain and suffering from his injuries in a sum in excess of TEN THOUSAND DOLLARS ($10,000.00), plus interest.

31. As a further direct and proximate cause of the negligence per se or negligence of Defendant CNH AMERICA, LLC, Plaintiff has sustained special damages in the form of medical costs and future medical costs, all in excess of TEN THOUSAND DOLLARS ($10,000.00), and lost wages and earning capacity according to proof, all with interest.

**WHEREFORE**, Plaintiff prays for Judgment against CNH AMERICA, LLC as follows:

1. For general damages in the form of current and future pain and suffering from his injuries and effects from his injuries in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00), plus interest;

2. For special damages in the form of current and future medical costs and lost wages and earning capacity in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00), plus interest;

3. For reasonable attorney fees and costs of suit incurred herein; and

4. Such other and further relief as the Court deems just and proper.

DATED this ___ day of January, 2009.

/s/ Steven F. Bus

STEVEN F. BUS, ESQ.
Law Offices of Steven F. Bus, Ltd.
611 Sierra Rose Drive
Reno, Nevada 89511
(775) 825-2700

Attorney for Plaintiff

**Law Offices of Steven F. Bus, Ltd.**
Quail Corners South
611 Sierra Rose Drive
Reno, Nevada 89511
Tel: 775-825-2700
Fax: 775-825-2755

Law Offices of Steven F. Bus, Ltd.
Quail Corners South
611 Sierra Rose Drive
Reno, Nevada 89511
Tel: 775-825-2700
Fax: 775-825-2755

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of THE LAW OFFICES OF STEVEN F. BUS, LTD., and that on this date I served a true and correct copy of the attached **FIRST AMENDED COMPLAINT** addressed to the following:

[X] **Case Management/Electronic Filing (CM/ECF)**

David R. Grundy, Esq.
Lemons, Grundy & Eisenberg
6005 Plumas Street, Ste 300
Reno, NV 89509

Attorney for CNH America, LLC

[X] **BY U.S. MAIL:** I deposited for mailing in the United States mail, with postage fully prepaid, an envelope containing the preceding document at Reno, Nevada, in the ordinary course of business.

Mark Oium, Esq.
Oium Reyen & Prior
220 Montgomery St., Ste. 910
San Francisco, CA 94104

[ ] **BY FACSIMILE:**

[ ] **BY PERSONAL SERVICE:** I personally delivered the preceding document by hand delivery to the offices at the address noted above.

DATED this ____ day of January, 2009.

/s/ Denise R. Moen
Employee