1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                               DISTRICT OF NEVADA

8                                      * * *
                                         )
9    EDWARD E. MARTINEZ,                  )
                                         )
10              Plaintiffs,               )          3:08-cv-0477-LRH-RAM
                                         )
11   v.                                   )
                                         )          ORDER
12   CNH GLOBAL N.V.; et al.,             )
                                         )
13              Defendants.               )
     _____)

14

15          Before the court is plaintiff Edward E. Martinez's ("Martinez") motion for partial summary

16   judgment filed on February 9, 2010. Doc. #37.[1] Defendant CNH America, LLC ("CNH") filed an

17   opposition (Doc. #56) to which Martinez replied (Doc. #62).

18   **I.     Facts and Background**

19          Martinez is an equipment operator employed by non-party Highfield Construction. On

20   August 1, 2006, Martinez was operating a Case 1102D compactor/roller ("compactor") that was

21   designed and manufactured by CNH in 1984. While Martinez was operating the roller, a

22   malfunction occurred causing the hydrostatic drive system[2] to fail and the roller to accelerate.

23   _____

24          [1] Refers to the court's docket entry number.

25          [2] The compactor is operated by a hydrostatic drive propulsion system. The drive system contains a
     diesel engine that drives an oil pump. Moving the lever forward causes the pump to deliver oil propelling the
26   compactor forward while moving the level backwards causes the oil flow and the compactor to reverse.
     Centering the lever prevents the oil from moving in either direction and  brings the compactor to a stop.

1  Martinez was unable to stop the roller which veered off the road.

2          On July 30, 2008, Martinez filed a complaint for strict products liability. Doc. #1,

3  Exhibit A. Subsequently, on January 20, 2009, Martinez filed an amended complaint alleging two

4  causes of action: (1) strict products liability for a design defect; and (2) negligence per se for a

5  design defect. Doc. #26. Thereafter, Martinez filed the present motion for partial summary

6  judgment. Doc. #37.

7  **II.    Legal Standard**

8          Summary judgment is appropriate only when "the pleadings, depositions, answers to

9  interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

10  genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

11  law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together

12  with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable

13  to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

14  587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

15          The moving party bears the burden of informing the court of the basis for its motion, along

16  with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*,

17  477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party

18  must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could

19  find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.

20  1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

21          To successfully rebut a motion for summary judgment, the non-moving party must point to

22  facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson

23  Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the

24  outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

25  (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is

26
                                              2

not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**III.   Discussion**

To establish a strict products liability claim, a plaintiff must establish: (1) that the product was defective, rendering it unreasonably dangerous; (2) the defect existed at the time the product left the manufacturer; and (3) the defect caused the plaintiff's injury. *Fyssakis v. Knight Equipment Co.*, 657 P.2d 95, 96 (Nev. 1983). A product is ultimately defective when it fails to perform "in the manner reasonably to be expected in light of its nature and intended function." *Id*.

Here, Martinez contends that the compactor did not have a service or emergency braking system in the event the hydrostatic drive system failed in violation of federal regulation and industry standards.[3] Pursuant to 29 CFR §1926.601, all vehicles are required to have a service brake system, an emergency braking system, and a parking brake system. 29 CFR §1926.601(b)(1). Further, industry standards, set forth by the Society of Automotive Engineers ("SAE"), require either a secondary or emergency braking system in th event of a service brake failure. Doc. #37, Exhibit L, SAE J1136.

Martinez argues that the compactor had a service braking system (the hydrostatic drive) and a parking brake, but that there was no secondary or emergency braking system designed and manufactured into the compactor. In opposition, CNH argues that the parking brake operates as a secondary/emergency braking system.

Taking the evidence in the light most favorable to CNH, the court finds that there is

---

[3] For purposes of the motion, Martinez concedes that the hydrostatic drive operates as the primary braking system.

3

1   sufficient evidence to raise a triable issue of fact as to whether the parking brake had sufficient

2   capacity to operate as a secondary or emergency braking system. CNH's expert, Steve Burdette

3   ("Burdette"), performed an engineering analysis to determine whether the parking brake on the

4   compactor could function as an emergency brake under the standards set forth in SAE J1136 and 29

5   CFR §1926.601. Doc. #56, Exhibit 1. Based on his examination, Burdette opined that the parking

6   brake is a secondary braking system. Doc. #56, Exhibit H, p.16 l:17-21.

7        Additionally, Martinez's expert, James E. Thompson ("Thompson"), testified that the

8   parking brake may be adequate to stop a normally operated compactor. *See* Doc. #37, Exhibit J,

9   Thompson Depo., p.75 l:10-15 ("Ok. Its adequate for a parking brake . . . where it's applied on the

10  stationary vehicle. It may be adequate to stop this machine when it's operating at a walking pace,

11  normal speed when your kinetic energy is much less because of a lower velocity."). Thus, CNH has

12  raised a disputed material issue of fact as to whether the compactor's parking brake is sufficient to

13  operate as a secondary or emergency brake as contemplated by the safety standards and federal

14  regulations. As such, Martinez is not entitled to summary judgment. *See* FED. R. CIV. P. 56; *See v.*

15  *Durang*, 711 F.2d at 143 (where reasonable minds could differ on the material facts at issue,

16  summary judgment is not appropriate).

17

18       IT IS THEREFORE ORDERED that plaintiff's motion for partial summary judgment

19  (Doc. #37) is DENIED.

20       IT IS SO ORDERED.

21       DATED this 7th day of July, 2010.

22

23       _____

24       LARRY R. HICKS
         UNITED STATES DISTRICT JUDGE

25

26

4